IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,

    vs.

PEDRO ARROYO,
          Defendant.

CASE NO. 6:26-CR-60010-JTS-1

ORDER OF DETENTION PENDING TRIAL

**Part I – Eligibility for Detention**

Upon the

☒ Motion of the Government pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This Order sets forth the Court's finding of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

**Part II – Findings of Fact and Law as to Presumptions under § 3142(e)**

☐**A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** (*previous violator*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or

        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; or

        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or

        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

1

☐ **(e)** any felony that is not otherwise a crime of violence but involves: (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; and

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** (*narcotics, firearm, other offenses*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**:

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

OR

☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven by:

⊠ clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

⊠ a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

Defendant is indicted with violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II) (possession with intent to distribute more than 500 grams of cocaine). The United States moved to detain. The Court held a detention hearing on July 1, 2026. The Government was represented by Assistant United States Attorney Graham Jones, and Defendant was represented by Alex Wynn. Based on the factors found in 18 U.S.C. § 3142(g), the Court finds Defendant should be detained.

Under the first factor, the Court considers the nature and circumstances of the offenses charged. *See* 18 U.S.C. § 3142(g)(1). Defendant is indicted with charges of possessing with intent to distribute a large quantity of cocaine, a dangerous narcotic. This factor weighs in favor of detention.

The second factor concerns the weight of the evidence against Defendant. *See* 18 U.S.C. § 3142(g)(2). Defendant was indicted by a grand jury, and an overview of the evidence against him was presented at the hearing, including exhibits from the Government. At the hearing, Defendant's counsel did not present anything that would cast doubt on the strength of the Government's evidence. While recognizing Defendant is entitled to the presumption of innocence until proven guilty, this factor also favors pre-trial detention.

The third factor concerns Defendant's ties to the community, family support, and possible continued employment as well as whether Defendant was on probation, parole, or a form of release pending trial during the commission of the present offense. *See* 18 U.S.C. § 3142(g)(3). This factor weighs in both directions. On the one hand, Defendant has significant ties to Roma, Texas. He has a common law wife and multiple children with whom he resides in Roma. Additionally, Defendant was first arrested on the present charge by the state of Arkansas over a year ago, and there has been no indication that he made an attempt to flee over the last year while he was out on bond.

On the other hand, Defendant has significant ties to Mexico. Specifically, he has family members that reside in Mexico, and he lives in a border city. Defendant also makes frequent trips across the border into Mexico. While Defendant apparently does not know the present whereabouts of his passport (or passport card), he is unable to forfeit it as a result.

Additionally, Defendant committed the present offense while out on bond for a state misdemeanor charge in Zapata County, Texas. According to the Pretrial Report, he has absconded on that charge, and there is an active warrant out for his arrest in Zapata County. Overall, while recognizing some of the evidence in Defendant's favor, this factor still supports detention.

The fourth factor concerns the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. *See* 18 U.S.C. § 3142(g)(4). Defendant's criminal history, while admittedly limited in some respects, indicates a potential inability to be controlled by bond conditions or pretrial supervision. Specifically, after Defendant was released on bond by the state of Arkansas in March 2025, he was arrested again for reckless driving and possession of a controlled substance in January 2026. Additionally, as mentioned, Defendant has absconded from a misdemeanor charge on at least one occasion. Overall, while Defendant's criminal history is by no means extensive, the only information presented at the hearing indicates that Defendant has both continued to commit criminal offenses after being released on bond and failed to appear in court as required. Accordingly, this factor weighs in favor of detention.

Based on the evidence presented at the hearing, the Court finds it cannot fashion any condition or combination of conditions that will reasonably assure the defendant's appearance as required nor the safety of the

3

community. Accordingly, the United States' motion for detention is **GRANTED**, and Defendant is detained pending trial.

In addition to any findings above or other findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong

☒ Subject to lengthy period of incarceration if convicted

☐ Prior criminal history

☒ Participation in criminal activity while on probation, parole, or supervision

☐ History of violence or use of weapons

☐ History of alcohol or substance abuse

☐ Lack of stable employment

☐ Lack of stable residence

☐ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district

☒ Significant family or other ties outside the United States

☐ Lack of legal status in the United States

☐ Subject to removal or deportation after serving any period of incarceration

☒ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the United States Marshal for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

It is so ordered.

SIGNED this the 2nd day of July, 2026.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE